

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

JASON S. N.,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

    Defendant.

CV 18-5-BU-JCL

ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g) seeking judicial review of the Acting Commissioner of Social Security Administration's final decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The Commissioner concedes that the decision by Administrative Law Judge is not supported by substantial evidence and moves to remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff agrees that the ALJ erred but argues the Court should remand for an immediate award of benefits. For the reasons set forth below, the Court finds that remand for an immediate award of benefits is warranted.

I. **Background**

1

Plaintiff filed an application for disability insurance benefits in October 2012, alleging disability based on epilepsy with an original onset date of April 1, 2012, and an amended onset date of January 1, 2012. Plaintiff's application was denied at all administrative levels, and in December 2014 Plaintiff filed an action in this Court seeking judicial review of the Commissioner's decision. *Neely v. Colvin*, Cause No. CV-14-83-BU-JCL. The parties subsequently filed a stipulated motion to remand, and on May 4, 2015, the Court issued an order remanding the case to the Commissioner for further administrative proceedings. *Neely*, CV-14-83-BU-JCL (Doc. 13).

Approximately six months later, the Appeals Council issued an order remanding the case to an ALJ for resolution of the following issues: (1) consideration of lay witness testimony from Plaintiff's girlfriend; (2) consideration of the medical source opinions, including those from treating neurologist Dr. Carlos Sullivan, treating physician Dr. Amy McIntrye, and consultative examiner Dr. Mark Mozer, and (3) evaluation of Plaintiff's subjective symptom testimony. (Doc. 24, at 733-735).

To address these issues, the Appeals Council instructed the ALJ to: (1) update the medical records; (2) reevaluate whether Plaintiff's impairments met or equaled the severity of a listed impairment and, as necessary, obtain evidence from

a medical expert to make this step-three determination, and; (3) give further consideration to Plaintiff's maximum residual functional capacity during the relevant period, and in doing so, evaluate the treating and nontreating medical source opinions and explain the weight given to such opinion evidence; (4) further evaluate Plaintiff's subjective complaints and consider lay witness testimony from Plaintiff's girlfriend, and; (5) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. (Doc. 24, at 733-735).

Plaintiff's case was remanded to the original ALJ, who held a second administrative hearing on August 8, 2016. The ALJ did not elicit testimony from a medical expert at the hearing or consult with one afterwards. Approximately seven months after the hearing, on March 10, 2017, the ALJ issued a decision denying Plaintiff's claim for benefits. (Doc. 24, at 693-704). On January 11, 2018, Plaintiff filed this action seeking judicial review of the ALJ's adverse decision pursuant to 42 U.S.C. § 405(g) and requesting an award of benefits.

The Commissioner moved to dismiss for lack of subject matter jurisdiction on the ground that there was no final decision for purposes of 42 U.S.C. § 405(g) because Plaintiff had not exhausted his administrative remedies. The Court rejected the Commissioner's argument, finding that under the circumstances, the ALJ's

3

decision was a "final decision" for purposes of jurisdiction under § 405(g). The Court further found that even if Plaintiff did not exhaust his administrative remedies, he had sufficiently raised a colorable due process violation such that the exhaustion requirement should be waived.

Following the Court's order denying her motion to dismiss, the Commissioner filed the administrative record. Having determined based on her review of the record that the ALJ's March 2017 decision is not supported by substantial evidence, the Commissioner filed the pending motion to remand for further administrative proceedings. The parties agree that remand is required, but disagree as to whether the court should remand for further proceedings or for an award of benefits.

## II. Discussion

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Remand for an award of benefits is appropriate only in "rare circumstances" when the requirements of a three-part test known as the "credit-as-true" rule are satisfied. See *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). First, the court must conclude that the ALJ failed to provide legally

4

sufficient reasons for rejecting evidence, such as the claimant's testimony or a medical opinion. *Leon*, 880 F.3d at 1045. Second, the court must find that the record has been fully developed and there are no outstanding issues on which further administrative proceedings would be useful. *Leon*, 880 F.3d at 1045. Third, the court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled. *Leon*, 880 F.3d at 1045 ("When these first two conditions are satisfied, we then credit the discredited testimony as true for the purpose of determining whether, on the record as a whole, there is no doubt as to disability.").

Even if the first two requirements are satisfied and the court credits the evidence as true, "it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045. Remand for an award of benefits is proper only if there is "no serious doubt" based on "an evaluation of the record as a whole" that the claimant is in fact disabled. See *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017).

The Commissioner concedes that the first requirement of the credit-as-true test is satisfied "because the ALJ erred in evaluating evidence," including treating medical source opinions, "in determining that Plaintiff was not disabled." (Doc. 28, at 13). Focusing instead on the second part of the test, the Commissioner argues

further administrative proceedings would be useful because there are several outstanding issues that must be resolved before a disability determination can be made.

The Commissioner takes the position that further development of the record is necessary because no medical expert or treating or examining source has provided an opinion on whether Plaintiff satisfies the current version of Listing 11.02 for disability based on epilepsy. Listing 11.02 requires, among other things, that claimant's seizures persist despite adherence to prescribed treatment and occur with a certain frequency. The Commissioner argues the record contains conflicting evidence regarding the frequency of Plaintiff's seizures and his adherence to prescribed treatment. Even assuming Plaintiff satisfies Listing 11.02, the Commissioner contends further proceedings are necessary to determine when his disability began. The Commissioner maintains this case should be remanded for further proceedings to resolve these issues and allow a medical expert to review the file for purposes of determining whether Plaintiff satisfies the current version of Listing 12.02.

According to Plaintiff, however, there is no need to develop the record any further on these issues because his treating neurologist found that his epilepsy satisfies the former version of Listing 12.02, which was in effect through the

August 2016 hearing on remand. In May 2014 and July 2016, treating neurologist Dr. Carlos Sullivan completed seizure questionnaires expressly finding that as of the April 1, 2012 alleged onset date, Plaintiff's epilepsy satisfied the criteria of Listing 11.02 for convulsive epilepsy and Listing 11.03 for non-convulsive epilepsy. (Doc. 24, at 648, 1314). Dr. Sullivan stated that Plaintiff was compliant with prescribed treatment but his seizures nevertheless persisted with the frequency specified in the listings. Plaintiff contends Dr. Sullivan's opinions establish that his epilepsy has been of listing-level severity since the alleged onset date, which means there are no outstanding issues to be resolved on remand.

Shortly after Dr. Sullivan's July 2016 assessment, however, the neurological listings were revised and Listing 11.03 was removed and combined with Listing 11.02. See 81 Fed. Reg. 4308-01, 2016 WL 3551949. Effective September 29, 2016, revised Listing 11.02 applies to "new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date." See 81 Fed. Reg. 43048-01, 2016 WL 3551949. The Social Security Administration similarly expects "that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decision. If a court reverses the Commissioner's final decision and remands a case for further administrative proceedings after the effective date of the final rule, we will apply

the final rule to the entire period at issue in the decision we make after the court's remand." *Id.* at 430561 n. 6.

While the former version of Listing 11.02 considered by Dr. Sullivan was still in effect at the time of the second administrative hearing in August 2016, the revised version went into effect in September 2016 – several months before the ALJ's March 2017 decision. Because Plaintiff's claim was still pending after the effective date of revised Listing 11.02, the former version considered by Dr. Sullivan no longer applies.

Plaintiff nevertheless maintains this Court has discretion to apply the former version of Listing 11.02 because it was still in effect at the time of the ALJ's first decision in June 2014, which became the Commissioner's final decision for purposes of Plaintiff's first federal court action. But the ALJ's June 2014 decision is not at issue here. By the time of the ALJ's March 2017 decision, which is the subject of the present action, revised Listing 11.02 had been in effect for nearly six months. Thus, revised Listing 11.02 applies to Plaintiff's claim.

Consistent with this determination, the ALJ considered revised Listing 11.02 in his March 2017 decision on remand. Notwithstanding the Appeals Council's directive to call upon a medical expert if necessary, however, the ALJ simply rejected Dr. Sullivan's opinion in part because it was based on the former version

of Listing 11.02. He did not propound interrogatories after the hearing or otherwise consult with a medical expert for purposes of determining whether Plaintiff satisfied the newly revised Listing 11.02. The Commissioner evidently agrees that the ALJ's step-three analysis is not supported by substantial evidence and proposes that on remand the Appeals Council shall have a medical expert assist in determining whether Plaintiff meets or equals Listing 11.02 during the relevant period.

Even assuming revised Listing 11.02 applies, Plaintiff takes the position that there is no need to obtain additional evidence from a medical expert because there is sufficient evidence in the record establishing that the listing's criteria are satisfied. While it is not this Court's role to weigh the evidence or otherwise substitute its judgment for that the Commissioner, the Court agrees that substantial evidence in the record establishes that Plaintiff satisfies revised Listing 11.02.

According to the Commissioner, there are three outstanding issues that prevent the Court from making that determination: (1) whether Plaintiff adhered to prescribed treatment as required by the listing; (2) whether Plaintiff's seizures occurred with the frequency required by the listing, and; (3) whether Plaintiff's epilepsy was of listing-level severity as of the April 1, 2012 alleged onset date. The Commissioner cites to a few discrepancies in the record, and claims these

evidentiary conflicts warrant further development of the record. For example, the Commissioner notes that although Dr. Sullivan found that Plaintiff takes his medication regularly, Plaintiff's medication levels were often low and on two occasions were below therapeutic dosage. And while Dr. Sullivan indicated in his July 2016 assessment that Plaintiff's seizures occurred with a frequency that would also satisfy revised Listing 11.02, the Commissioner points to two discrepancies in Dr. Sullivan's underlying treatment notes.

But the Court finds that the evidence the Commissioner points to is insufficient to warrant further development of the record. Plaintiff's claim has been pending for more than six years, during which time there have been two administrative hearings and a stipulated remand. The administrative record in this case is expansive, and the fact that the Commissioner can find some isolated pieces of arguably inconsistent evidence is not surprising. While the Commissioner claims medical expert review is necessary to determine whether Plaintiff satisfies revised Listing 11.02, she does not explain why additional review is necessary other than to address the frequency of Plaintiff's seizures, his adherence to prescribed treatment, and the onset date. Dr. Sullivan's opinions address all three of these issues, however, and are sufficient to establish that Plaintiff's epilepsy satisfied revised Listing 11.02 as of the April 1, 2012 alleged onset date. If Dr.

Sullivan's opinions were credited as true, along with Plaintiff's subjective testimony which the Commissioner concedes was not properly discounted, the ALJ would be required to find Plaintiff disabled. Under the circumstances, the Court finds that remanding to the Commissioner for further proceedings would serve no useful purpose and would only cause further delay. Because there are no outstanding issues on which further proceedings would be useful, and no serious doubt as to whether Plaintiff is disabled, this case is remanded solely for the calculation of benefits.

### III. Conclusion

For the reasons discussed, IT IS ORDERED that this case is remanded to the Commissioner for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of May, 2019

Jeremiah C. Lynch
United States Magistrate Judge